**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2568
_____

ROBERT I. ARCHIE,
                    Appellant

v.

HAMILTON TOWNSHIP MUNICIPAL COURT; STATE OF NEW JERSEY;
DOUGLASS HOFFMAN

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3:19-cv-20975)
District Judge:  Honorable Georgette Castner

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 6, 2025
Before:  SHWARTZ, MONTGOMERY-REEVES, and SCIRICA, Circuit Judges

(Opinion filed: February 11, 2025)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Robert I. Archie appeals from District Court's orders dismissing his complaint as to Judge Douglas Hoffman and granting summary judgment in favor of the Hamilton Township Municipal Court. For the following reasons, we will affirm.

I

Archie filed suit against Defendants the Hamilton Township Municipal Court and the Judge Hoffman[1] pursuant to 42 U.S.C. § 1983. Archie alleged that he was punished by Judge Hoffman, a judge on the Hamilton County Municipal Court, on a charge that had already been dismissed. Archie alleged that Judge Hoffman was specifically liable because he was the one who handed down the sentence. He sought Judge Hoffman's removal from the bench and monetary damages.

The District Court granted Judge Hoffman's motion to dismiss, finding that Archie had failed to adequately describe how Judge Hoffman had violated his constitutional rights and that Judge Hoffman was entitled to judicial immunity. Subsequently, the case moved forward to discovery against the sole remaining Defendant, the Hamilton Township Municipal Court.

Discovery fleshed out the underlying state court proceedings against Archie in the Municipal Court. Archie had been charged with assault. A public defender was appointed to represent Archie, but Archie was required to pay a $200.00 fee for the public defender to represent him. That assault charge was ultimately dismissed. Archie was not through

[1] Archie also sued the State of New Jersey. The District Court dismissed the State of New Jersey as a Defendant early in this case and it does not appear that Archie appeals that decision. Nevertheless, it is worth noting that the State of New Jersey had immunity. See, e.g., Edelman v. Jordan, 415 U.S. 651, 662-63 (1974).

though with proceedings in the Municipal Court as he also had two traffic violations for which he was ordered to pay fines. Archie did not pay the fines or the fee for his public defender, and Judge Hoffman ordered him to perform community service in lieu of the fines imposed.

Ultimately, after discovery concluded, the Hamilton Township Municipal Court moved for summary judgment. The District Court gave multiple reasons for granting summary judgment in favor of the Hamilton Township Municipal Court. Among its reasons, the District Court held that the Municipal Court could not be held vicariously liable for the judicial actions of Judge Hoffman and that Archie failed to show the existence of a policy or custom that resulted in a constitutional violation to potentially make the Municipal Court liable under Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978). Archie then filed this appeal.

II

We have jurisdiction pursuant to 28 U.S.C. § 1291 and exercise plenary review over the District Court's dismissal and summary judgment orders. See Dondero v. Lower Milford Twp., 5 F.4th 355, 358 (3d Cir. 2021); Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

3

## III

The District Court properly dismissed the claims against Judge Hoffman. As the District Court observed, Archie's conclusory, undeveloped allegations were not "enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Further, Judge Hoffman retained judicial immunity for his judicial acts even if any "action . . . was in error, was done maliciously, or was in excess of [the judge's] authority." Stump v. Sparkman, 435 U.S. 349, 356 (1978).

The Court also correctly granted summary judgment in favor of the Municipal Court. Assuming *arguendo* that Archie could overcome the other bars to relief identified by the District Court,[2] Archie still could not hold the Municipal Court liable under a *respondeat superior* theory of liability for Judge Hoffman's actions. See Rode v. Dellaciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Furthermore, Archie did not sufficiently state, much less demonstrate, any violation resulting from a policy, practice or custom under Monell to survive summary judgment on his claim against the Municipal Court. See Monell, 436 U.S. 690-91. Thus, we will affirm.

---

[2] We need not consider the District Court's alternative additional rationales for why the Municipal Court was entitled to summary judgment in light of this holding.